## Commonwealth v. Fohl

*William Anderson, Jr.*, for Commonwealth.
*John E. Winner* and *Floyd V. Winner*, for defendant.

McDonald, J., May 13, 1935.—This case comes before the court on appeal by the defendant from a summary conviction in a proceeding heard before an alderman. Defendant was charged with violation of section 1019 (a) of The Vehicle Code of May 1, 1929, P. L. 905, and, after hearing before the alderman, defendant was adjudged to be guilty of the offense charged and was fined $10 and costs of prosecution, or, in default of the payment thereof, to undergo imprisonment for a period of five days.

The facts in the case have been agreed upon by counsel for the prosecution and for the defendant, and upon such agreed statement of facts no testimony was actually taken in the case.

The facts as agreed upon were as follows: On February 16, 1935, defendant was operating his motor vehicle upon the Perry highway in the Township of Ross in this county. He drove his motor vehicle to the curb on his right-hand side of the highway and brought the same to a stop in front of a store where some purchases had been made for the defendant. The defendant left his car standing at and parallel to the curb while he went

into the store to get the merchandise which had already been ordered there for him, and left his car standing upon the highway unattended. At least it was unattended insofar as a driver was concerned. At the point where the defendant left his car, as aforesaid, the State Highway Department had posted "no parking" signs, in accordance with the provisions of section 1113 of The Vehicle Code, and the place where the defendant so stopped his car was between two such "no parking" signs.

There was no agreement as to the length of time that defendant was in the store. Defendant contends that his absence was only temporary, and the prosecution contends that the length of time of his absence is immaterial in this case.

Defendant is charged with the offense of allowing or permitting his motor vehicle to stand upon a public highway at a place where "no parking" signs had been erected in accordance with the provisions of section 1113 of The Vehicle Code.

The defendant contends that section 1019 (a) of The Vehicle Code does not apply in this case and that he has not violated that section because the location where the defendant stopped his car as aforesaid was in a business or residence district. It is admitted in this case that the location was actually a business or residence district.

Section 1019 (a) of The Vehicle Code of May 1, 1929, P. L. 905, provides as follows: .

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: Provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled

portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in each direction upon such highway: And further provided, No person shall park or stand any vehicle, whether attended or unattended, in any no parking area, where 'No Parking' signs have been erected in accordance with the provisions of section one thousand one hundred and thirteen (1113) of this act."

The portion of subsection (a) with which we are concerned is the second proviso thereof, and a reading thereof will disclose that the legislature clearly intended to prohibit vehicles from parking or standing in any "no parking" area where "no parking" signs were properly erected. That "no parking" signs were properly erected at the point where the defendant permitted his vehicle to stand, is not disputed in this case.

Defendant, however, wishes the court to construe the two provisos of section 1019 (a) as applying only to highways which are "outside of a business or residence district". We are unable to so construe this section. The second proviso of the subsection clearly relates to any "no parking" area properly established, and whether or not such "no parking" area is inside or outside of a business or residence district. It evidently was the intention of the legislature to delegate to the Secretary of Highways of the Commonwealth the right to designate or establish such "no parking" areas. We believe that such delegation of power is not unlawful, and since the power was so delegated and since the Secretary of Highways did designate the particular location where defendant's car was stopped as such a "no parking" area, neither the defendant nor any other person had any right either to park or permit his vehicle to stand within such area. It does not follow because the first portion of subsection (a) is restricted to parking or standing of vehicles upon portions of highways which are outside of

business or residence districts that the entire subsection is confined to such districts. In fact, it seems to us that the use of the phrase "outside of a business or residence district" in the first portion of the subsection and the absence of any such qualifying phrase in either of the provisos in the subsection indicates that the legislature intended the remaining portion of the subsection to apply to any highway or to any "no parking" area wherever the same might be lawfully established. It seems to us that the language used shows a clear intent to apply the remaining portion of the subsection, beginning with the word "provided", to any situation regardlesss of the nature of the district and regardless of the conditions. Had the legislature meant to restrict the parking or standing of vehicles, in "no parking" areas where "no parking" signs were properly erected, to highways outside of business or residence districts, it would have so stated, just as it did so state in the first portion of the subsection. For the court now to add to this subsection the words necessary to restrict "no parking" areas to highways which are outside of business or residence districts would be not to' construe, but to amend the law.

The legislative intent to prevent entirely the parking or standing of vehicles in such "no parking" areas, regardless of the nature of the district in which they may be established, is further evidenced by the amendment of section 1020 of the same act, which amendment was adopted in the Act of June 22, 1931, P. L. 751. An examination of the amendment of 1931 will disclose a detailed and elaborate amendment of section 1020 of the Act of 1929, which prohibits the parking or standing of vehicles in certain designated locations. By the amendment of 1931, it is provided, inter alia: "No person shall park a vehicle, or permit it to stand, whether attended or unattended, upon a highway. . . . At any place where official traffic signs have been erected prohibiting standing and parking." By this amendment, it is evident that the legislature still intended to prohibit the standing of

vehicles in any "no parking" areas, regardless of the nature of the district.

Defendant argues that the establishment of the "no parking" area in front of the place of business where he stood his car is an unreasonable exercise of the right to control the use of highways, in that the prevention of the temporary stopping of vehicles in front of business houses would be ruinous to such places of business. It may be that the establishment of the "no parking" area involved in this case may be damaging to business houses located there and may even be ruinous to them. However, State highways constructed with public funds are intended for the use of the general public, and if a reasonable use of such State highways damages or is even ruinous to the business of some single individual or group of individuals, it is a matter to be regretted, but it is also a matter which cannot be prevented. The rights and the safety of the general public are paramount to the interests of single individuals, and if those rights, or if that safety, require that certain portions of public highways be at all times kept clear of standing or parked vehicles, then, of course, such standing or parking must be absolutely prevented. We believe that the legislature so intended. We also believe that the Secretary of Highways will seldom abuse his discretion in the establishment of "no parking" areas, and that in cases where he may do so he will be found to be amenable to reason when the matter is brought to his attention.

For the reasons herein stated, the defendant has been found to be guilty of the offense charged against him, and sentenced accordingly.